IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL DAVID RUSS, #B-86777, )
)
    Plaintiff, )
)
vs. ) CIVIL NO. 10-657-JPG
)
TODD BITTLE and ILLINOIS )
DEPARTMENT OF CHILDREN AND )
FAMILY SERVICES (DCFS), )
)
    Defendants. )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Plaintiff Carl David Russ, an inmate in Western Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 12 year sentence for criminal sexual assault involving a family member. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff's brief complaint sets out two claims. The first is against his former public defender, Defendant Todd Bittle, whom Plaintiff claims did not provide effective assistance of counsel in the case that resulted in Plaintiff's conviction, by not properly investigating the case and by discriminating against Plaintiff in some unspecified manner. Plaintiff's second claim is against the Illinois Department of Children and Family Services (DCFS). He states that DCFS has also discriminated against Plaintiff, has not allowed him to see his children, and will not inform Plaintiff as to the children's whereabouts. Plaintiff does not specify what relief he seeks.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Ineffective Assistance of Counsel**

Plaintiff's claim against Defendant Todd Bittle must fail, because a civil rights action can only be brought against an individual acting under color of state law, or in other words, a "state actor." A public defender appointed by the court to represent an indigent defendant is not an agent of the state while serving in that capacity, and thus cannot be held liable under Section 1983 even if he failed to provide effective assistance to his client. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Georgia v. McCollum*, 505 U.S. 42, 53-54 (1992). As noted by the Supreme Court in *Polk County*, a prisoner who claims he is wrongfully incarcerated as a result of incompetence of counsel may bring a petition for state or federal habeas corpus relief. 454 U.S. at 325 n.18. In addition, Plaintiff may yet have the opportunity to raise his claims in state court on direct appeal or in a post-conviction action. However, the claim against Defendant Bittle fails to state a claim for which relief may be granted under Section 1983, and therefore must be dismissed with prejudice.

**Count 2 - Interference with Parental Rights**

Plaintiff also claims that Defendant DCFS has violated his rights by not informing him of

the whereabouts of his children, and by not permitting him to see his children. As a state agency, the Illinois Department of Children and Family Services is not a "person" within the meaning of the Civil Rights Act and is not subject to a Section 1983 suit. *See Toledo, Peoria, & W.R. Co. v. Illinois*, 744 F.2d 1296, 1298-99 (7th Cir. 1984). Had the Plaintiff named an individual employee of DCFS allegedly responsible for a deprivation of some constitutional right, he might have articulated a claim sufficient to survive threshold review. *See, e.g., Ault v. Speicher*, No. 09-2104, 2011 WL 727982 (7th Cir. March 3, 2011); *Via v. LaGrand*, 469 F.3d 618 (7th Cir. 2006). However, due to the nature of Plaintiff's crime, and in the event that Plaintiff may be seeking relief in the form of a court order allowing some contact with his children, the more appropriate forum for such relief would be in the family division of state court.

For the reasons stated above, Count Two must be dismissed without prejudice. However, the dismissal of Defendant DCFS shall be with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and is **DISMISSED**. **COUNT ONE** and Defendant **BITTLE** are dismissed with prejudice. **COUNT TWO** is dismissed without prejudice. Defendant **ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES (DCFS)** is dismissed with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See*

the whereabouts of his children, and by not permitting him to see his children. As a state agency, the Illinois Department of Children and Family Services is not a "person" within the meaning of the Civil Rights Act and is not subject to a Section 1983 suit. *See Toledo, Peoria, & W.R. Co. v. Illinois*, 744 F.2d 1296, 1298-99 (7th Cir. 1984). Had the Plaintiff named an individual employee of DCFS allegedly responsible for a deprivation of some constitutional right, he might have articulated a claim sufficient to survive threshold review. *See, e.g., Ault v. Speicher*, No. 09-2104, 2011 WL 727982 (7th Cir. March 3, 2011); *Via v. LaGrand*, 469 F.3d 618 (7th Cir. 2006). However, due to the nature of Plaintiff's crime, and in the event that Plaintiff may be seeking relief in the form of a court order allowing some contact with his children, the more appropriate forum for such relief would be in the family division of state court.

For the reasons stated above, Count Two must be dismissed without prejudice. However, the dismissal of Defendant DCFS shall be with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and is **DISMISSED**. **COUNT ONE** and Defendant **BITTLE** are dismissed with prejudice. **COUNT TWO** is dismissed without prejudice. Defendant **ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES (DCFS)** is dismissed with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See*

28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:   March 23, 2011**

*s/J. Phil Gilbert*
**United States District Judge**
